# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Antonio Alferez, | No. CV-17-00111-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| R L Rhodes, | |
| Respondent. | |

Pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Bernardo P. Velasco (Doc. 13) that recommends granting Respondent's Motion to Dismiss (Doc. 10). The Court has also considered Petitioner's Objection to the R&R (Doc. 14), and the Respondent's Response thereto (Doc. 15).

As a preliminary matter, the Court agrees with Respondent that Petitioner has used his opportunity to object to the R&R to, instead, advance new facts and raise a new claim. For the first time in this, or *any* of the several cases he has filed in relation to his criminal conviction, Petitioner complains he is entitled to relief from his sentence on account of a "key procedural flaw in the history of this matter." Doc. 14 at 1. The "procedural flaw," according to Petitioner, was that the Fifth Circuit permitted "[his] sentencing counsel to withdraw from his initial [direct] appeal without appointing [him] substitute counsel[,]" and thereby denied him his constitutionally mandated right to appellate counsel. Doc. 14 at 1-2. As a result, Petitioner argues, he [Petitioner] did not receive an unobstructed procedural shot at presenting the claim(s) of actual innocence he

raises in the instant § 2241 petition. *Id*. at 2. Such circumstances, Petitioner concludes, are evidence that he qualifies for the "escape hatch" provision of 28 U.S.C. §2255 such that dismissal for lack of jurisdiction would be inappropriate. *Id*. at 1.

This Court has discretion, but is not obliged, to consider evidence and argument presented for the first time in a party's objection to a magistrate judge's recommendation. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002). In this case, and for the following reasons, the Court declines to do so.

First, because Petitioner had ample opportunity to raise these issues at the outset of this matter and/or during the pendency of his § 2255 petition and application for a second § 2255 petition. Petitioner offers no explanation for why he did not do so.

Second, because even if the law underpinning Petitioner's new, tardy claim were favorable to him, the record in *United States v. Alferez*, No. 3:10-CR-2736-1 (W.D. Tex. February 28, 2012)("Criminal Matter") and in the direct appeal *United States v. Alferez*, No. 12-50080 (5th Cir. April 11, 2012)("Direct Appeal") belie his representations regarding the "history of this matter."

This Court's review of the procedural history of those matters revealed the following. A Notice of Appeal ("NOA") was filed on Petitioner's behalf on or about January 20, 2012. Criminal Matter Doc. 94; Direct Appeal Doc. 1. The NOA was signed by Ramona Alferez on behalf of Petitioner, ostensibly pursuant to some grant of power of attorney. *Id*. At the time the NOA was filed, Petitioner was represented by retained counsel Michael Gibson ("Gibson") with respect to restitution matters still pending before the trial court. See Criminal Matter Doc. 95 at 1; Direct Appeal Doc. 00511758282 at 1. It appears, however, Gibson was never retained to represent Petitioner in connection with his appeal. *Id*. Nonetheless, on February 13, 2012 the Fifth Circuit Court of Appeals sent Gibson a letter prompting him to comply with various procedural rules affecting the status of the appeal. See Direct Appeal Doc. 00511756789 at 1-2. Amongst the rules cited were Fed. R. App. 12(b) and 5th Cir. R. 12, which require counsel who desire to appear in an appellate matter to sign and return a "Form of

Appearance of Counsel." *Id*. at 2.  Gibson did not file said "Form of Appearance of Counsel."  Instead, Gibson filed a "Motion to Withdra[w] as Attorney of Record" informing the Court of Appeals that he had not been retained in connection with the pending appeal and requesting that his name be withdrawn as attorney of record.  Direct Appeal Doc. 00511758282 at 2.  The Fifth Circuit responded by: (1) withdrawing Gibson as Petitioner's counsel of record in the direct appeal, (2) sending Petitioner a letter at his place of incarceration, dated February 24, 2012, which acknowledged his pro se appellant status and directed him to, within 30 days, either retain appellate counsel, file the requisite *in forma pauperis* forms should he seek appointment of appellate counsel, or clearly and unequivocally express his intent, in writing, to proceed, pro se, with the appeal.  Direct Appeal Doc. 00511767886.  Petitioner filed no responsive document.  Thereafter and pursuant to 5th Cir. R. 42.3, the Clerk of the Court for the Fifth Circuit entered a judgment dismissing the appeal on April 11, 2012 for want of prosecution, specifically citing Petitioner's failure to comply with the February 24, 2012 notice.  Direct Appeal Doc. 00511817682.  Petitioner did not seek reconsideration of the dismissal either in the Court of Appeals or in the District Court.

An appellant's failure to take any step other than the timely filing of a NOA does not affect the validity of the appeal, but is ground[s] … for such action as the court of appeals deems appropriate.  Fed. R. App. P. 3(a)(2).  Such action may include dismissal of the appeal.  *Id*.  Certain circuits, such as the Fifth, have rules governing dismissals of appeals for failure to prosecute.  Fifth Circuit Rule 42, for instance, empowers the clerk of that court to, after providing notice and an opportunity to cure, enter an order of dismissal for want of prosecution when prisoners proceeding pro se fail to comply with deadlines and court directives.  *See* Fifth Cir. R. 42.3.

It is clear from the record that, if there is blame to be laid for Petitioner's lack of appellate counsel, it should lie with Petitioner and not with the Fifth Circuit.  Consequently and furthermore, this Court finds is nothing in the record to support Petitioner's "objection" that he was denied an unobstructed procedural shot at presenting

the claim(s) of actual innocence in a direct appeal.

There being no further objection and, having reviewed all other relevant matters of record in this case including the Findings, Conclusions, and Recommendation of Magistrate Judge Velasco, the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct. Accordingly,

**IT IS ORDERED:**

(1) Magistrate Judge Velasco's R&R (**Doc. 13**) is **ACCEPTED AND ADOPTED** as the Findings and Conclusions of this Court.

(2) Respondent's Motion to Dismiss (**Doc. 10**) is **GRANTED**.

(3) The Clerk of the Court is ordered to enter judgment dismissing this matter accordingly and close its file in this matter.

Dated this 29th day of January, 2018.

_____
Honorable Raner C. Collins
Chief United States District Judge